**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROLLAND WRIGHT, #909780,**           ) | |
|        **Plaintiff,**           ) | |
|                   ) | |
| **v.**           ) | **3:06-CV-2002-K** |
|                   ) | **ECF** |
| **JAMES ZIMMERMAN, et al.,**           ) | |
|        **Defendants.**           ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Kenedy, Texas. Defendants are Judge James Zimmerman of the 282nd District Court of Dallas County, Texas, Defense Counsel Martin Miller, and the TDCJ-CID Director Janie Cockrell.[1] The Court did not issue process in this case, pending preliminary screening.

Statement of Case: The complaint seeks to sue the trial judge and defense attorney for their conduct during Plaintiff's criminal proceedings in 1999 and 2000, which led to the

---

[1] Nathaniel Quarterman, the current TDCJ-CID Director, is substituted in his official capacity for the former Director. *See* Fed. R. Civ. P. 25(d).

imposition of twenty-year sentences for aggravated robbery in case numbers F99-49117 and F99-73303, and to the imposition of two-year state jail sentences for delivery of a controlled substance. Specifically, Plaintiff alleges that Judge Zimmerman imposed an excessive and unfair punishment, and that Attorney Miller rendered ineffective assistance of counsel. Plaintiff requests compensatory relief.[2]

<u>Findings and Conclusions</u>: The Court has granted Plaintiff leave to proceed *in forma pauperis*. His complaint is, thus, subject to preliminary screening pursuant to 28 U.S.C. § 1915A. That section provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

---

[2] In addition to compensatory damages, Plaintiff requests release from confinement because of alleged constitutional violations. Such a claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

A search of this court's records reflects that Plaintiff unsuccessfully sought federal habeas relief for the aggravated robbery convictions at issue in this case and for which he is presently incarcerated in TDCJ-CID. *See Wright v. Cockrell*, No. 3:02cv1488-D, consolidated with 3:02cv1512-D (N.D. Tex. Jan. 28, 2003) (accepting findings and conclusions of magistrate judge and denying habeas corpus petitions on merits).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's request for monetary relief lacks an arguable basis in law and should be dismissed as frivolous. Judge Zimmerman is absolutely immune from any claims for monetary damages.[3] It is self-evident that any act or omission by Judge Zimmerman took place in his capacity and function as judge, which in and of itself renders him immune from a suit for monetary damages. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see also Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).

Nor are Plaintiff's claims for monetary relief against his defense counsel cognizable under § 1983. It is now well establish that a defense attorney in a criminal proceeding, whether retained or court appointed, is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit

---

[3] "Despite the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) (presently § 1915(e)] determination." *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994)); *see also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (even if a complaint is subject to dismissal under *Heck*, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis).

3

under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

Alternatively, the Court notes that Plaintiff's claims against Judge Zimmerman and Counsel Miller would impugn on the validity of his state convictions and sentences. Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), Plaintiff's claims are not cognizable in this civil rights action, unless Plaintiff's convictions are reversed, expunged, invalidated or called into question. Presently Plaintiff cannot make such a showing. *See Wright v. Cockrell*, No. 3:02cv1488-D, consolidated with 3:02cv1512-D (N.D. Tex. Jan. 28, 2003) (accepting findings and conclusions of magistrate judge and denying habeas corpus relief).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.